IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TYKE EVANS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 11-283-GMS |
| | ) | |
| G.R. JOHNSON, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

Tyke Evans. *Pro se* petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

June 3, 2014
Wilmington, Delaware

Sleet, Chief Judge

Petitioner Tyke Evans ("Evans") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition"). (D.I. 1; D.I. 12) The State filed an answer in opposition. (D.I. 21) For the following reasons, the court will deny the application as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

On November 26, 2007, Evans was charged by information with second degree assault; possession with intent to deliver cocaine; resisting arrest; maintaining a vehicle for keeping controlled substances; criminal mischief; possession of cocaine; possession of drug paraphernalia; possession of marijuana; third degree criminal trespass; and driving with a suspended/revoked license. (D.I. 21 at 3) On April 15, 2008, Evans pled guilty to possession with intent to deliver cocaine and resisting arrest. *See Evans v. State*, ID No. 0709009693, Graves, J., Letter Order at 2-3 (Del. Super. Ct. Oct. 7, 2009). On June 13, 2008, the Superior Court sentenced Evans to a non-suspended period of nine years in prison.[1] (D.I. 21 at 3) Evans did not appeal his conviction or sentence.

On August 28, 2008, Evans filed motion for modification of sentence pursuant to Delaware Superior Court Criminal Rule 35, which the Superior Court denied the very next day, August 29, 2008. Evans did not appeal that decision. *Id.*

On April 9, 2009, Evans filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). *Id.* The Superior Court appointed counsel to represent Evans, and a two day evidentiary hearing was held. *Id.* On

---

[1] More specifically, Evans was sentenced to two years at Level II for the resisting arrest conviction, and twenty years at Level V for the PWITD cocaine conviction, suspended after seven years and successful completion of Green Tree for one year at Level IV residential substance abuse treatment, with the balance of the sentence suspended for eighteen months at Level III aftercare.

October 7, 2009, the Superior Court denied Evans' Rule 61 motion, and the Delaware Supreme Court affirmed that decision. *See Evans v. State*, 2010 WL 1692707 (Del. Apr. 27, 2010).

On April 4, 2011, Evans filed the instant habeas petition, and simultaneously moved to stay the proceeding. (D.I. 1) On June 14, 2011, pursuant to the selection indicated on Evans' AEDPA election form, the court granted Evans' request to voluntarily withdraw his petition. (D.I. 9) The court also denied his motion to stay the proceeding as moot. *Id.* Evans filed a motion for reconsideration of the decision to deny the stay on June 24, 2011. (D.I. 10) On July 14, 2011, after construing the reconsideration motion as a motion to reopen the case, the court reopened the case. The court permitted Evans to file an amended habeas petition, and denied his request to stay the proceeding. (D.I. 11) Evans filed an amendment to his petition on August 11, 2011, stating he wished to proceed with the claims in his original petition. (D.I. 12)

Evans' petition asserts the following four grounds for relief: (1) defense counsel provided ineffective assistance by forging plea agreement forms after Evans had signed them; (2) defense counsel was ineffective for failing to file a motion to suppress; (3) post-conviction appellate counsel provide ineffective assistance on post-conviction appeal by failing to obtain a new plea bargain; and (4) post-conviction appellate counsel was ineffective for not raising a claim pursuant to *Arizona v. Gant*, 556 U.S. 332 (2009).

## II.   ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Evans' petition, filed in 2011, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Evans does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Thus, the one-year period of limitations in this case began to run when Evans' conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced Evans on June 13, 2008, and he did not appeal. Therefore, Evans' conviction became final on July 14, 2008. *See* Del. Supr. Ct. R. 6(a)(ii)(establishing a 30 day period for timely filing a notice of appeal). Accordingly, to comply with the one-year limitations period, Evans had to file his § 2254 petition by July 14, 2009. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that former Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

3

Evans did not file his habeas petition until March 29, 2011,[2] almost two full years after the expiration of AEDPA's statute of limitations. Thus, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 645 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the application is filed during AEDPA's one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). However, the limitations period is not tolled during the ninety-days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

On August 28, 2008, Evans filed a Rule 35 motion for modification of sentence. At this juncture, forty-five days of AEDPA's limitations period had already expired. The Superior Court denied the Rule 35 motion on August 29, 2008, and Evans did not appeal that decision. Thus, the Rule 35 motion tolled the limitations period from August 28, 2008 through September 29, 2008.

---

[2]Pursuant to the prisoner mailbox rule, the court adopts the date on the petition, March 29, 2011, as the filing date. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

4

The limitations clock started to run on September 30, 2008, and ran another 190 days until Evans filed his Rule 61 motion on April 9, 2009. At this point, a total of 235 days of AEDPA's limitations period had lapsed. The Rule 61 motion tolled the limitations period from April 9, 2009 through April 27, 2010, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of his Rule 61 motion. The limitations clock started to run again on April 30, 2010, and ran the remaining 130 days until the limitations expired on September 7, 2010.

Thus, even after accounting for the statutory triggered by Evans' Rule 35 and Rule 61 motions, the instant petition was untimely. Accordingly, the instant petition must be dismissed as time-barred, unless equitable tolling applies.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 648-49 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones,* 195 F.3d at 159; *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

The Supreme Court has recognized that an attorney's egregious error or neglect may constitute an extraordinary circumstance for equitable tolling purposes. *See Holland*, 560 U.S. at 636-653. An "egregious error" includes instances where an attorney fails to file an appeal after an explicit request from the petitioner,[5] "affirmatively deceives the petitioner about filing a direct appeal," or "persistently neglects the petitioner's case." *Schlueter v. Varner*, 384 F.3d 69, 76-77 (3d Cir. 2004). Yet, in order for a petitioner to "obtain relief [through equitable tolling], there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). Specifically, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003). The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel*, 546 F.3d 269, 277 (3d Cir. 2008).

In this case, Evans asserts that the limitations period should be equitably tolled because defense counsel failed to file a direct appeal. However, Evans does not contend, and nothing in the record indicates, that he asked counsel to file a direct appeal. There is also nothing to suggest or indicate that counsel affirmatively misled Evans about filing a direct appeal. Consequently, the court cannot conclude that counsel's conduct was so egregious as to constitute an extraordinary circumstance for equitable tolling purposes.

---

[5]*See Velazquez v. Grace*, 277 F. App'x 258 (3d Cir. 2008).

6

Additionally, Evans has failed to demonstrate how defense counsel's failure to file a direct appeal actually prevented him from filing a habeas petition before the expiration of AEDPA's limitations period. As such, he has not shown the requisite causal relationship between defense counsel's conduct and Evans' failure to timely file the instant petition.

And finally, to the extent Evans' untimely filing was the result of a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

For all of these reasons, the court concludes that the doctrine of equitable tolling is not available to Evans on the facts he has presented. Accordingly, the court will dismiss the petition as time-barred.[6]

### III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

---

[6]The court's conclusion that the instant application is time-barred obviates the need to discuss the State's alternate reasons for denying the petition.

7

The court has concluded that Evans' petition filed pursuant to 28 U.S.C. § 2254 is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the court will deny as time-barred Evans' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

An appropriate order will be entered.